UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN THE MATTER OF:

COMPLAINT OF MEGAN E. LAU,  Case No. 3:09cv482/MCR/EMT
as 1/12th Charterer of a 2005 Bentley
240 Cruise Pontoon Boat, Hull
Identification Number BNT 115700506,
Petitioner, in a Cause for Exoneration
from or Limitation of Liability.
_____/

# O R D E R

Plaintiff Megan E. Lau filed a complaint in admiralty seeking exoneration from and limited liability for damages arising out of her 1/12th interest as charterer of a twenty-four foot, 2005 Bentley 240 Cruise Pontoon Boat, bearing Hull Identification Number BNT115700506, on which an accident on navigable waters resulting in personal injury occurred on June 6, 2009 (doc. 1). *See* 46 U.S.C. §§ 30501 - 30512; Fed. R. Civ. P. Admiralty, Maritime Claims, Supp. Rule F. The complaint states the value of the vessel described is $7,970.00, that there was no pending freight, and stipulates that the value of the petitioner's interest in the charter was $641.16.

The plaintiff has now deposited with the court as security a bond in the amount of $614.16, posted by Liberty Mutual. Accordingly, the court now GRANTS the plaintiff's requests for approval of the stipulation for value with surety deposited, for notice to all claimants, and for an injunction of further prosecution of any claim arising out of the incident described in the complaint.

It is hereby ORDERED as follows:

1. The stipulation for value stated in the complaint with surety deposited with the court for the benefit of the claimants in the sum of $614.16 is hereby approved.

2. This court, upon motion, shall cause due appraisement of the value of the plaintiff's interest in the charter and may thereupon order an increase or reduction of the

security if the court finds such an order is necessary to carry out the provisions of the statutes relating to claims for loss of life or personal injury.

3. The clerk of this court shall issue notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of this court in writing, and to serve on the attorney for the plaintiff a copy thereof on or before January 4, 2010, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for the plaintiff an answer to the complaint on or before that date, unless his claim includes an answer to the complaint, so designated, or be defaulted.

4. The plaintiff shall publish the notice in an approved newspaper as specified in Local Admiralty Rule A(7), once a week for four successive weeks prior to the date fixed for the filing of claims, as provided by Supp. Rule F(4) and Local Admiralty Rule F(1), and copies of the notice shall also be mailed in accordance with Supp. Rule F(4).

5. The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the plaintiff or against any property of the plaintiff except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the accident alleged in the complaint shall be and hereby are restrained, stayed, and enjoined until the hearing and determination of this action.

6. Service of this order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

**DONE AND ORDERED** this 12th day of November, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**